**HD**

USDC- GREENBELT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Rcv'd by: _____

|  |  |
|---|---|
| THURMAN R. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| YES CARE CORP., et al., | ) |
| | ) |
| Defendants. | ) |

Civil Action No.:  23-cv-3520-LKG

Dated: June 12, 2024

## MEMORANDUM

Plaintiff Thurman R. Watson filed the above-captioned Complaint on December 21, 2023, along with a Motion to Proceed in Forma Pauperis and Motion for Preliminary Injunction. Watson seeks injunctive relief to prevent Defendants from interfering with his cardiac care for his atrial fibrillation episodes because he is at risk of stroke or heart failure. ECF No. 2. Counsel for YesCare was directed to respond to Watson's Motion for Preliminary Injunction. ECF No. 6. YesCare filed their response on March 15, 2024, along with an Answer to the Complaint. ECF Nos. 10, 11. Watson replied (ECF No. 16) and filed addendums to the Motion for Preliminary Injunction (ECF Nos. 20, 29). YesCare was granted leave to file a sur-reply, which was filed on May 15, 2024. ECF No. 28. For the following reasons, Watson's Motion for Preliminary Injunction will be denied.

### I. Motion for Preliminary Injunction

Watson asserts that Defendants have denied or interfered with his "access to prescribed cardiology medical services and treatments, deemed necessary and mandated by his Prison Physicians for his diagnosed heart condition, Atrial Fibrillation." ECF No. 2 at 1. Watson contends that he is likely to succeed on the merits of his Eighth Amendment claims against Defendants because as the contracted medical provider for the Maryland Department of Public Safety and Correctional Services, they are obligated to provide him with adequate medical care and have failed to do so. *Id.* at 1-2. He asserts that granting such injunctive relief will cause no harm to Defendants as it is already within the scope of their responsibility as the contracted medical provider. *Id.* at 2. Watson, however, will continue to be "'AT RISK' of irreparable

harm due to stroke and heart failure based on his Atrial Fibrillation diagnosis whose known risk are recognized by the medical community at large." *Id.*  Watson requests that Defendants be enjoined from denying or interfering with his prescribed medical care.  *Id.*

Watson amends his Motion to note that since instituting this action he has had a cardiology consultation on February 15, 2024.  ECF No. 20 at 1.  The cardiologist recommended Watson have an electro-physiology study of his heart completed and then, if necessary, catheter ablation treatment.  *Id.*  However, the requests submitted by Dr. Onabajo's request for the procedure were denied.  *Id.*  Instead, Dr. Solaide Akintade and RN Sandra Boettinger of Utilization Management stated that the study was not medically necessary and provided an alternative recommendation of a calcium blocker.  ECF No. 29 at 1.  Watson asserts that Akintade's denial of treatment is objectively unreasonable and contends that he will not receive this necessary treatment without the Court's intervention.  *Id.* at 2, 3; ECF No. 20 at 2.  He reiterates that his untreated atrial fibrillation episodes, the most recent of which occurred on April 4, 2024, leave him at risk for stroke or heart failure.  ECF No. 29 at 2, 3.

## II.   Defendants' Response

Defendants contend that Watson is not entitled to injunctive relief because he fails to state a claim against them.  ECF No. 10 at 4.  They otherwise assert that the provided medical records show that he is not at risk of irreparable harm.  *Id.* at 5.  Defendants also contend that the balance of equities do not weigh in Watson's favor nor is an injunction in the public interest.  *Id.* at 5-6.

Defendants assert that Watson is a 79-year-old Black man with a history of prostate cancer, lipid abnormalities, and atrial fibrillation.  ECF No. 10 at 2.  They contend that his medical record shows that he has not been denied medical treatment and that he has both regular sick call and chronic care appointments.[1]  *Id.* at 3.

Defendants state Watson had a chronic care visit on July 12, 2023, "to discuss cancer, CVS, IM, and chronic back discomfort."  ECF No. 10 at 3.  Dr. Onabajo noted that Watson

---

[1] The Court notes that Defendants have submitted approximately 400 pages of medical records but provide little to no guidance regarding the information contained therein.  *See* ECF No. 10 at 2-3.  Local Rule 105.5 states: "Parties are responsible for ensuring all exhibits are clear and well organized. When appropriate, parties should facilitate the Court's review of exhibits to include, for example, highlighting key language. If any motion, memorandum, or brief is accompanied by more than five (5) exhibits, the exhibits shall be tabbed and indexed, with cross-references to the page numbers that relate to each exhibit."

reported no urinary symptoms related to his cancer history nor any chest pain, pressure, or tightness related to his hypertension and atrial fibrillation. ECF No. 10-2 at 17.[2] Watson also denied having any back pain but reported numbness in his legs with prolonged standing. *Id.* His current prescriptions were continued. *Id.* at 22-23.

Watson was seen by Dr. Onabajo on September 11, 2023, for a sick call; he reported an atrial fibrillation episode on August 24, 2023, lasting three hours. ECF No. 10-2 at 30; ECF No. 10-3 at 1-4. Dr. Onabajo noted that Watson did not go to medical when the symptoms occurred but stayed in his dormitory and submitted a sick call instead because he did not think the officers would take him to the medical department if he was not experiencing chest pain. ECF No. 10-2 at 30. Dr. Onabajo examined Watson, ordered lab tests, referred him to cardiology, and directed him to return to the medical department immediately if his symptoms returned. *Id.*; ECF No. 10-3 at 1, 3. According to Defendants, Dr. Onabajo "noted that [Watson] had no edema on his extremities, that his CVS S1S2 was regular, that his chest was clinically clear, that his CNS was alert and oriented and that he was afebrile and anicteric." ECF No. 10 at 3; ECF No. 10-2 at 30. Watson returned to see Dr. Onabajo on September 26, 2023, because an "ATP" was returned on the cardiology referral submitted. ECF No. 10-3 at 13. In lieu of the referral, Dr. Onabajo referred Watson for an echocardiogram and "a Holter monitor." *Id.* Defendants assert that these "diagnostic procedures are foundational in assessing cardiac function and monitoring symptoms, particularly in cases where cardiovascular issues are suspected." ECF No. 28 at 2.

Watson also had a chronic care visit on September 28, 2023, for his history of prostate cancer. ECF No. 10-3 at 17. He reported no related complaints and Dr. Onabajo noted that they would continue monitoring him. *Id.* No complaints regarding his atrial fibrillation were noted at this visit. *Id.*

On February 15, 2024, Watson had a cardiology consultation with Dr. Diljon Singh Chalal. ECF No. 10-6 at 15-17. Dr. Chalal noted that Watson had been trialed on metoprolol 12.5 mg but had experienced side effects including weakness, fatigue, lightheadedness, blurred visions, and bradycardia so the medication was discontinued. *Id.* at 15. Dr. Chalal also noted that Watson had been tolerating his Apixaban prescription without side effects. *Id.* The

---

[2] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case File (CM/ECF) system.

evaluation further noted that Watson did not have any shortness of breath or chest pain during the appointment but did have heart palpitations. *Id.* Watson was directed to return in three months. *Id.* at 17.

### III.    Preliminary Injunction

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *see also SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be."). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)).

Defendants contend that Watson has not satisfied the four *Winters* factors. ECF No. 10 at 4. They assert that Watson cannot succeed on the merits because he has failed to demonstrate constitutional violations caused by their deliberate indifference and his disagreement with the course of treatment provided does not amount to such a violation. *Id.* Defendants argue that Watson is not at risk of irreparable harm because he has in fact seen a cardiologist and continues to be monitored through chronic care and treated with the appropriate medications. *Id.* at 5. Finally, Defendants contend that neither the balance of equities or the public interest weigh in Watsons' favor because as a prisoner, he does not enjoy a full range of freedoms and thus critical decisions such as the provision of medical care and prison management cannot be dictated by him. *Id.* at 5-6. While Watson makes some general arguments concerning his entitlement to an

injunction, for the following reasons, the Court finds that he has not met his burden to show that preliminary relief is warranted.

Putting to the side whether Watson is likely to succeed on the merits of his Eighth Amendment claims, none of the other *Winters* factors support his request. First, Watson has not demonstrated that he will suffer irreparable harm absent injunction. Watson insists that his atrial fibrillation puts him at risk of stroke or heart failure. However, beyond this, Watson makes no showing that such harm is actual or imminent. *See Direx Israel, Ltd.*, 952 F.2d at 812. Notably, Watson acknowledges that while the request for an electro-physiology study was denied, he is being treated with calcium blockers.

Nor has Watson demonstrated that the balance of equities weighs in favor of granting Watson injunctive relief or that such relief is in the public interest. In the prison context, preliminary injunctive relief in advance of a merits adjudication should be granted in only exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). This is so because, absent the most extraordinary situations, prisons must be given the discretion to implement daily operations absent judicial interference. *Id.* at 268 (citing *Inmates of Occoquan v. Barry*, 844 F.2d 828, 841 (D.C. Cir. 1988). Watson has not shown that such extraordinary relief is necessary to an equitable outcome. Furthermore, to award injunctive relief here would most certainly upset the public interest in the orderly operation of medical care at the prison. Because Watson has failed to satisfy all four Winter factors, his request for injunctive relief shall be denied.

### IV.    Motion to Proceed in Forma Pauperis

Also pending is Watson's Motion to Proceed in Forma Pauperis. ECF No. 4. Watson submitted a verified inmate account statement on February 2, 2024. ECF No. 7. The verified inmate account statement reflects a six-month average account balance of $55.96 and average monthly deposits of $145.17. Watson shall be required to pay the sum of $29.03 (20% of $145.17) as the initial partial filing fee.

### V.    Supplemental Pleadings

Watson filed an Amended Complaint on April 4, 2024. ECF No. 15. Thereafter, Watson filed two additional amended complaints. ECF Nos. 22, 30. Upon review of the proposed amended pleadings, it does not appear to be Watson's intent to replace the original Complaint

but rather to provide the name of a previously unidentified defendant, add defendants, and provide additional facts to support his claims against them. Accordingly, the Court construes all three amended pleadings as Supplements to the Complaint. Watson further supplemented his Complaint on May 10, 2024. ECF No. 26.

Based on Watson's pleadings, this case shall proceed as to the following Defendants: YesCare Corp.; YesCare Medical Director Kashun D. Temesgen, M.D.; Corizon Health;[3] Corizon Medical Director Viven Dorsey, M.D.; Bolaji Onabajo, M.D.; Mahboobeh Memarsadeghi, M.D.; Solaide Akintade, M.D.; and Sandra Boettinger, RN. Counsel has indicated that they represent Mandip Bartles, however it is unclear to the Court where they have been named as a Defendant by Watson. Counsel will be granted leave to clarify whether Mandip Bartles is one of the unidentified medical directors.

## VI.    Conclusion

For the foregoing reasons, Watson's Motion for Preliminary Injunction is denied and his Motion for Leave to Proceed in Forma Pauperis is granted. Watson's three amended complaints are construed as Supplements to the Complaint. In light of the Supplements, by a separate Order which follows, service will be effected on the unserved Defendants. Those who have already answered through counsel will be granted leave to file an amended answer or otherwise respond to Watson's supplemental pleadings.

June 12, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge

---

[3] This case is and will continue to be stayed as to Defendant Corizon Health pursuant to the ongoing bankruptcy proceedings. *See* ECF No. 6.